**The NEW YORK TIMES COMPANY, Plaintiff,**

v.

**NEWSPAPER AND MAIL DELIVERERS' UNION OF NEW YORK AND VICINITY, et al., Defendants.**

**No. 89 Civ. 6099 (RPP).**

United States District Court, S.D. New York.

Sept. 19, 1990.

Bernard Plum, Joseph Baumgarten, Proskauer Rose Goetz & Mendelsohn, New York City, for plaintiff.

Thomas W. Gleason, Maura R. Cahill, Ernest L. Mathews, Jr., New York City, for defendants.

### OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendants move for reargument of the Opinion and Order of June 19, 1990 ("Opinion") in the above captioned case. 740 F.Supp. 240. The motion does not dispute any of the conclusions of the Opinion, but takes issue with the Court's characterization of the scope of the injunction of March 28, 1990, which was signed by the Court on consent of both parties.

The Court stated in the Opinion that the March 28, 1990 injunction applies to all future arbitrable disputes arising under the collective bargaining agreement. Both parties agree that such a characterization of the March 28, 1990 injunction's scope is overbroad, but that it has no bearing on the conclusions of the Opinion.[1] Defendants

---

**1.** The Court found that plaintiff was not entitled to a new injunction enjoining all disputes be-

bring this motion seeking clarification of the exact scope of the March 28, 1990 injunction.

■ The Court has received memoranda of law from each party as well as a series of five letters clarifying their positions. The letters and memoranda reveal that the parties agree that the March 28, 1990 injunction enjoins any work stoppage over arbitrable disputes in existence on September 14, 1989. The only dispute is over whether the March 28, 1990 injunction enjoins *all* work stoppages concerning the West Side Direct Routes Reorganization or whether the March 28, 1990 injunction only enjoins those work stoppages concerning disputes over the West Side Direct Routes Reorganization which were in existence on September 14, 1989. *See* Pl. Letter of July 27, 1990; Def. Letter of July 30, 1990.

This difference in viewpoints raises an issue of fact. The Court has found that disagreements over the West Side Direct Routes Reorganization commenced prior to September 14, 1989. Opinion at 244. The issue is whether it is possible for a dispute to relate to the West Side Direct Routes and be sufficiently distinct from the pre-September 14, 1989 disputes so that it would be beyond the scope of the March 28, 1990 injunction. Resolution of this issue would require speculation from the Court as to fact patterns which have neither arisen nor been shown to be likely to arise. Accordingly, the dispute between the parties is unripe for adjudication.

■ The correspondence between the parties also reveals that they dispute the meaning of the March 28, 1990 injunction's requirement that the parties comply with status quo orders. This issue was raised neither in the notice of motion nor in the memoranda of law. More importantly, it is unripe for adjudication because it is based on speculative fact patterns.

Defendants' motion for reargument is denied. However, the Court amends the Opinion to reflect that both parties interpret the March 28, 1990 injunction to bar any work stoppage over arbitrable disputes which were in existence on September 14, 1989 and which are arbitrable under the collective bargaining agreement.

IT IS SO ORDERED.

---

cause the scope of the proposed new injunction would duplicate the scope of the March 28, 1990 injunction, which remains in effect, and because there was not an "egregious situation" under *U.P.S. v. Local 804,* 698 F.2d 100, 110–11 (2d Cir.1983). *See* Opinion at 247–49. Even if the scope of the March 28, 1990 injunction is limited to enjoining work stoppages concerning

arbitrable disputes in existence on September 14, 1989, as both parties concede in their motion papers that it is, the finding that the prerequisites of *UPS* were not satisfied was sufficient grounds for denial of the new injunction requested by plaintiff in the motion at issue in the Opinion. *See* Opinion at 248.